```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/30/2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JULIAN VALENZUELA,                         :

                Plaintiff,          :      **REPORT AND**
                                                         **RECOMMENDATION**
    -against-                           :      **TO THE HONORABLE**
                                                         **GEORGE B. DANIELS**

COMMISSIONER OF SOCIAL               :
SECURITY,                                              14cv7380-GBD-FM
                                                      :
                Defendant.
------------------------------------------------------------x

**FRANK MAAS**, United States Magistrate Judge.

        Pro se plaintiff Julian Valenzuela ("Valenzuela") brings this action pursuant to Section 205(g) of the Social Security Act ("Act"), as amended, 42 U.S.C. § 405(g), seeking review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits and supplemental security income. (ECF No. 1 ("Compl." or "Complaint")). The Commissioner has now moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the basis that Valenzuela's commencement of this action was untimely. (ECF No. 12).[1] For the reasons set forth below, the Commissioner's motion should be granted.

---

[1] Alternatively, the Commissioner has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (See ECF No. 12). There is no need to rely on matters presented outside the pleadings to resolve the Commissioner's motion. Accordingly, it is appropriately addressed under Rule 12(b)(6).

I.   Background

In May 2012, Valenzuela filed applications for disability insurance benefits and supplemental security income. (ECF No. 14, Ex. 1 (Administrative Law Judge ("ALJ") Decision ("ALJ Decision")) at 11). After the Commissioner denied Valenzuela's applications on August 3, 2012, Valenzuela requested a hearing before an ALJ, which was held on February 5, 2013. (Id.). On March 6, 2013, the ALJ issued a written decision denying benefits. (See Compl., Ex. 1 (Notice of Appeals Council Action ("Notice")). Thereafter, Valenzuela filed a request for review of the ALJ Decision with the Appeals Council ("Council"). (Id.).

The ALJ Decision became final on June 11, 2014, when the Council denied Valenzuela's request for review. (Id.). The Notice of this decision was mailed on that date to Valenzuela with a copy to his representative. (Id.; Compl. ¶ 6 (admitting that Valenzuela received the Notice on June 15, 2014)). The Notice advised Valenzuela that he had sixty days to file a civil action if he disagreed with the Council's decision. (Notice at 2).[2]

---

[2] Because the Complaint includes a number of erroneous dates, (see, e.g., Compl. ¶¶ 7 (stating that the ALJ held a hearing on July 25, 2014, but issued a decision on June 11, 2014), 8 (stating that the Council denied his request for review on March 6, 2013, after which the ALJ Decision was issued on June 11, 2014)), I have relied on the dates set forth in the ALJ Decision. Nevertheless, the accuracy of these interim dates is not critical. The essential date – the date the ALJ Decision became final – is established by the Notice attached to the Complaint.

On September 10, 2014, Valenzuela filed his Complaint. (Compl. at 1). On July 24, 2015, the Commissioner timely filed her motion to dismiss.³ (ECF No. 12). On October 8, 2015, Valenzuela filed his papers in opposition to the Commissioner's motion. (ECF No. 18 ("Opp. Mem.")). The Commissioner has not filed a reply. The motion consequently is fully submitted.

II.   Standard of Review

A Rule 12(b)(6) motion to dismiss for failure to state a claim "tests the legal sufficiency of [a] plaintiff's claim for relief." Krasner v. HSH Nordbank AG, 680 F. Supp. 2d 502, 511 (S.D.N.Y. 2010). In deciding the motion, the Court must accept as true all factual allegations made in the complaint and draw all reasonable inferences in favor of the plaintiff. Allaire Corp. v. Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly v. Bell Atlantic Corp., 550 U.S. 544, 570 (2007)).

---

³   On September 9, 2014, Your Honor entered an "Order to Answer and Scheduling Order," setting a fourteen-day deadline for the Commissioner to file a notice of appearance and allowing ninety days thereafter for the Commissioner to file an answer or otherwise move. (See ECF No. 5). Due to a clerical error, the Commissioner apparently was not served with that Order. Accordingly, on May 19, 2015, I entered an "Order of Service and Scheduling Order," affording the Commissioner 180 days from the date she was served with the Order to make a dispositive motion. (ECF No. 8). I subsequently amended that deadline to July 31, 2015. (ECF No. 11). The Commissioner's motion, filed on July 24, 2015, therefore is timely.

The Court also must read pro se pleadings "liberally" and interpret them "to raise the strongest arguments" that they may suggest. Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (quoting Harris v. City of N.Y., 607 F.3d 18, 24 (2d Cir. 2010)). "Dismissal of a pro se complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." Carvel v. Ross, No. 09 Civ. 722 (LAK) (JCF), 2011 WL 856283, at *8 (S.D.N.Y. Feb. 16, 2011).

III.    Discussion

    A.    Relevant Law

Judicial review of a final decision by the Commissioner denying benefits is expressly limited by Sections 205(g) and (h) of the Act. See 42 U.S.C. §§ 405(g)-(h). Under these provisions, a plaintiff must present his claims in federal court within sixty days after the mailing of the notice of a final decision, or within such further time as the Commissioner may allow. 42 U.S.C. § 405(g). "Because the 60-day time limit defines the terms on which the United States waives its sovereign immunity and consents to be sued, it is strictly construed." Davila v. Barnhart, 225 F. Supp. 2d 337, 338 (S.D.N.Y. 2002) (citing Bowen v. City of New York, 476 U.S. 467, 479 (1986); Randell v. United States, 64 F.3d 101, 106 (2d Cir. 1995)).

The "60-day requirement is not jurisdictional, but rather constitutes a period of limitations." Bowen, 476 U.S. at 478 (citations omitted). Thus, the expiration of this statute of limitations is an affirmative defense which may be asserted under Rule 12(b)(6). See, e.g., Borrero v. Colvin, No. 14 Civ. 5304 (LTS) (SN), 2015 WL 1262276,

at *2-3 (S.D.N.Y. Mar. 19, 2015); Rodriguez ex rel. J.J.T. v. Astrue, No. 10 Civ. 9644 (PAC) (JLC), 2011 WL 7121291, at *2 (S.D.N.Y. July 25, 2011).

The Commissioner may toll the sixty-day limitations period, see 42 U.S.C. § 405(g), and traditional equitable tolling principles apply, Bowen, 476 U.S. at 480. The plaintiff nevertheless bears the burden of establishing that the doctrine of equitable tolling should be invoked. Equitable tolling "permits courts to deem filings timely where a litigant can show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way.'" Torres v. Barnhart, 417 F.3d 276, 279 (2d Cir. 2005) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

B.   Application of Law to Facts

The Council's denial of Valenzuela's request for review of the ALJ Decision on June 11, 2014, constituted the final decision of the Commissioner and started the running of the sixty-day clock. (See Notice at 1). Under the applicable regulations, Valenzuela is presumed to have received that decision no later than five days after it was mailed. See 20 C.F.R. § 404.901. Accordingly, as the Notice stated, Valenzuela had, at most, sixty-five days, i.e., until August 15, 2014, to commence this action. Valenzuela nevertheless filed his Complaint on September 10, 2014, twenty-six days after the expiration of the sixty-day period. (Compl. at 1). Judges in this District routinely dismiss actions in which claimants miss the filing date by such margins. See, e.g., Borrero, 2015 WL 1262276, at *4 (nine days late); Twumwaa v. Colvin, No. 13 Civ. 5858 (AT) (JLC), 2014 WL 1928381, at *3 (S.D.N.Y. May 14, 2014) (seven days late); Courtney v.

Colvin, No. 13 Civ. 2884 (AJN) (SN), 2014 WL 129051, at *2 (S.D.N.Y. Jan. 14, 2014) (four days late); Rodriguez ex rel. J.J.T., 2012 WL 292382, at *2 (three weeks late); Johnson v. Comm'r of Soc. Sec., 519 F. Supp. 2d 448, 449 (S.D.N.Y. 2007) (nine days late).

Furthermore, there is no evidence that Valenzuela ever requested that the Commissioner toll the sixty-day limitations period or suggested that equitable tolling should apply. To invoke equitable tolling, Valenzuela would have had to show that he pursued his rights diligently and that "extraordinary circumstance stood in his way." Torres, 417 F.3d at 279. Here, he has made neither required showing. (See Opp. Mem. (failing to provide any explanation for the delay)). It follows that Valenzuela's federal action is time barred and should be dismissed.

IV.   Conclusion

For the foregoing reasons, the Commissioner's motion to dismiss, (ECF No. 12), should be granted.

V.   Notice of Procedure for Filing Objections to this Report and Recommendation

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a) and (d). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable George B. Daniels, to my chambers at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York

10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be directed to Judge Daniels. The failure to file timely objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b).

SO ORDERED.

Dated: New York, New York
December 30, 2015

FRANK MAAS
United States Magistrate Judge

Copies to:

Defendant's counsel via ECF

Julian Valenzuela (via U.S. Mail)
73 West 105th Street, Apartment 4A
New York, New York 10025